WILLIAM EVERSFIELD and FLORENCE EVERSFIELD, his wife, *Appellants,* v. J. S. MAYHEW, *Appellee.*

Division A.

Opinion filed July 30, 1929.

*Joseph S. White,* for Appellants;

*J. S. Mayhew, in pro. per.*

ELLIS, J.—J. S. Mayhew exhibited his bill in chancery
in the Circuit Court for Palm Beach County against Wil-
liam Eversfield and wife, George D. Cooner and wife,
Anna R. Schutzer and Bella Schutzer, J. Helpern,
John B. Cook and Dade Lumber Company for an account-
ing between Eversfield and the complainant of the rents
due by the former to the latter for the use of certain lands
described in the bill; that the ''rights, interests and equi-
ties in·this matter be fixed by the decree of this Court be-
tween'' Eversfield and the complainant; that certain con-
tracts and liens held by the defendants be declared to be
cancelled and held to be null and void as constituting a
cloud upon the complainant's title to the lands described.

There was a decree declaring the equities to be with the
defendants but that Eversfield was indebted to the com-
plainant in the sum of $6,556.29 which the defendants were
required to pay within ten days in full satisfaction for the
purchase of the lots from the complainant by the defendant·
Eversfield; that when such sum was paid the complainant
should convey the land to Eversfield; that if the defendants
fail to pay the amount of money found to be due as ordered
that the lands described be sold at public auction to the
best bidder for cash, out of the proceeds of such sale all
expenses should be paid and the complainant be paid from
the balance remaining and in the event of the sale of the
property and confirmation by the court that all defendants

should surrender the possession of the lands to the lawful holder of the conveyance.

. From this decree Eversfield and wife appealed. There is no appeal by Cooner and wife, Anna and Bella Schutzer, J. Helpern, John B. Cook or Dade Lumber Company, although the decree was a personal one against each and some of the defendants appear from the allegations of the bill to have an interest in the lands which are the subject of litigation. The Dade Lumber Company answered the bill, however, disclaiming any interest in the litigation.

There was no answer to the bill by Anna and Bella Schutzer and John B. Cook so far as the record discloses and no decree *pro confesso* against them.

The cause grew out of two contracts for the purchase of certain lots by the defendant Eversfield from the complainant. The terms of the sale seem not to have been complied with by Eversfield, although he went into possession, built two houses, incurred indebtedness for materials and sold the two houses to two of the defendants. The complainant claimed that time was of the essence of the agreements and when Everfield failed to make payments on the purchase price of the property according to the terms of the contract he then became a tenant at will and became indebted to the complainant for rent. The defendants, or a part of them interested answered setting up facts to show that there had been no forfeiture of the sums already paid; that the complainant had waived the benefit of the clauses in the contracts making time of the essence and offered to pay to complainant the ''entire accounts that may be found to be due'' to him and prayed the complainant execute and deliver proper conveyances of the property to the defendants.

The decree is appealed from by the Eversfields only. It is apparent from the pleadings and the decree that other defendants have a material interest as there is a personal

decree against them and their equities in the lands are affected.

Under the authority of the case of Smith v. Fidelity Trust Company, 96 Fla. 168, 117 So. R. 791, the appeal should be dismissed. That case holds that where an appeal is taken by one defendant and such defendant limits the appeal in the body of the notice of appeal to such defendant as appellant and also fails to make another defendant who is pecuniarily affected by the decree appealed from a party to the appeal and makes no application for summons and severance as was the case in this appeal, that the provisions of Chapter 11890, Acts of 1927, do not apply so as to give the court jurisdiction of the party thus eliminated from the cause on appeal and the appeal will be dismissed because of the want of necessary parties.

So the appeal is dismissed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.