TAVERN INVESTMENT CO. v. E. G. DIEHL.

177 So. 305.
Division A.
Opinion Filed October 23, 1937.
Rehearing Denied December 17, 1937.

*Leo Rosen* and *Louis Schwartz Kopf,* for Appellant;
*M. Lewis Hall* for Appellee.

PER CURIAM.—E. G. Diehl filed his bill of complaint in the  Circuit Court of Dade County, naming as defendants: Nelle S. Riley and James F. Riley, her husband; W. B. Boutwell and May D. Boutwell, his wife; Thomas H. Newman and Anna M. Newman, his wife; Thomas H. Newman, doing business under the firm and style of Captain Tom's Fish Market; M. A. Smith, as Liquidator of Dade County Security Company, a Florida corporation; County Finance

Co., a Florida corporation; Harrison-Gibson Co., a Florida corporation; E. B. Elliott Co., a Florida corporation; and City of Miami, a municipal corporation of the State of Florida, for the purpose of foreclosing certain tax sale certificates.

After final decree had been entered Tavern Investment Co., a Florida corporation, filed a petition praying that it be allowed to intervene and praying that an order of court be issued staying the sale. Thereafter, on the 4th day of January, 1937, the following order was made by the Honorable Worth W. Trammell, one of the Judges of the Circuit Court in and for Dade County, Florida, to-wit:

"This cause coming on to be heard upon the motion of TAVERN INVESTMENT Co., a Florida corporation, to intervene as party defendant to this cause and it appearing to the court that the date of sale provided for in the final decree as amended, is ambiguous, and it further appearing to the court that it is in the interest of justice and equity that the sale of the property described in the final decree as amended should be stayed until the intervening defendant, TAVERN INVESTMENT Co., a Florida corporation, may be heard upon a motion to fix the terms and conditions of a supersedeas bond, and the court being fully advised in the premises.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that TAVERN INVESTMENT Co., a Florida corporation, be and it is hereby allowed to intervene as party defendant to this cause.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that LEWIS R. KING, the Special Master in Chancery heretofore appointed in this cause, be and he is hereby ordered to stay the sale of the property described in the final decree as amended in this cause until further orders of this court.

"DONE AND ORDERED, at Miami, Florida, this 2nd day of January, 1937."

On the 18th day of January, 1937, an amended final decree was entered. Thereafter, Tavern Investment Co. filed its notices of appeal, as follows:

"IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.

"IN CHANCERY.

"No. 45195-D.

"E. G. DIEHL, Plaintiff, v. NELLE S. RILEY and JAMES F. RILEY, her husband; W. B. BOUTWELL and MAY D. BOUTWELL, his wife; THOMAS H. NEWMAN and ANNA M. NEWMAN, his wife; THOMAS H. NEWMAN, doing business under the firm and style of CAPTAIN TOM'S FISH MARKET; M. A. SMITH, as Liquidator of Dade County Security Company, a Florida Corporation; COUNTY FINANCE Co., a Florida Corporation; HARRISON-GIBSON Co., a Florida Corporation; E. B. ELLIOTT Co., a Florida Corporation, and CITY OF MIAMI, a municipal corporation of the State of Florida, Defendants.

"Notice and Entry of Appeal.

"Comes now the defendant, Tavern Investment Co., a Florida Corporation, by and through its Solicitor, Leo Rosen, and enters this its appeal to the Supreme Court of Florida from that certain amended final decree heretofore entered in said cause on the 18th day of January, A. D. 1937, said decree being recorded in Chancery Order Book 415 at page 197, in the Clerk's office of the said court.

"This appeal is entered on the 28th day of January, A. D. 1937, and the same is hereby made returnable to the Su-

preme Court of Florida on the 23rd day of April, A. D. 1937, at Tallahassee, Florida.

"This, the 28th day of January, A. D. 1937.

"LEO ROSEN,
"Solicitor for Appellant,
"Tavern Investment Co.,
"A Florida Corporation."

The Notice of Appeal confines the appeal to Tavern Investment Co., a Florida Corporation, which was allowed to intervene as a defendant and does not make any other defendant affected by the final decree appealed from a party to the appeal and there has been made no application for summons and severance. Therefore, the provisions of Chapter 11890, Acts of 1927, will not be held to apply so as to give the Supreme Court jurisdiction of the other parties who have thus been eliminated from the cause on this appeal. The appeal should be dismissed on authority of the opinion and judgment in the case of Smith v. Fidelity Co., 96 Fla. 168, 117 Sou. 791, and it is so ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.