DAVID SHOLTZ, as Governor, for use and benefit of M. A. SMITH, as General Liquidator of the State Banks of Florida in Liquidation, v. J. H. THERRELL and AMERICAN SURETY COMPANY OF NEW YORK, a corporation.

182 So. 873.

Opinion Filed July 25, 1938.

*H. E. Oxford* and *Treadwell, & Treadwell,* for Appellant;

*H. M. Hampton,* for Appellee.

PER CURIAM.—The bill of complaint herein was brought by "DAVID SHOLTZ, as Governor of the State of Florida, suing for use and benefit of M. A. SMITH, as General Liquidator of the State Banks of Florida in Liquidation,

and as Liquidator of the BANK OF BAY BISCAYNE, of Miami, Florida, and as Liquidator of the BISCAYNE TRUST COMPANY of Miami, Florida, and as Liquidator of the GUARDIAN TRUST COMPANY, of Miami, Florida, and as Liquidator of THE TRUST COMPANY OF FLORIDA, of Miami, Florida; and for the use and benefit of J. M. LEE, as Comptroller of the State of Florida; and for the use and benefit of W. V. KNOTT, as Treasurer of the State of Florida; and for the use and benefit of the creditors of the BANK OF BAY BISCAYNE, Miami, Florida, and of the creditors of BISCAYNE TRUST COMPANY, of Miami, Florida, and of the creditors of the GUARDIAN TRUST COMPANY, of Miami, Florida, and of the creditors of THE TRUST COMPANY OF FLORIDA, of Miami, Florida, Complainant, v. J. H. THERRELL and AMERICAN SURETY COMPANY OF NEW YORK, a non-resident corporation doing a surety business in the State of Florida, Defendants."

The prayer contains the following:

"2. That there be a full accounting between the complainant for the use of the various uses, as herein named, and the said J. H. Therrell, former Liquidator of the bank and trust companies herein named, as to the entire status of his accounts with the said trusts, and that the true indebtedness of the said J. H. Therrell to the said trusts, and each of them, be ascertained and determined; that the said American Surety Company of New York, being made a party to the said cause, may have the same opportunity to be heard with reference to the same, and none other, as is the defendant, J. H. Therrell, and that upon the ascertainment of the amount of the indebtedness of the said Therrell to each of the respective trusts being determined that a decree be rendered for the proper amounts, and that such decree also be rendered as against said American

Surety Company of New York; and that such decree include interest as allowed by law.

"Oxford & Cutts,
Solicitors for Complainant.
"Homer Oxford,
Of Counsel for Complainant."

The decree dismissing the bill of complaint is as follows:

"David Sholtz, as Governor of the State of Florida, for the use and benefit of M. A. Smith, as Liquidator, *et al*, Plaintiffs, v. J. H. Therrell and American Surety Company of New York, a corporation, Defendants.

"This cause coming on this day to be heard upon the motion of the defendants to dismiss the bill of complaint herein and the same having been argued by counsel for the respective parties, it is

"Ordered, adjudged and decreed that the same motions be and the same are hereby sustained and granted and that the said bill of complaint be and the same is hereby dismissed.

"Ordered, adjudged and decreed at chambers at Quincy, Florida, this 14th day of April, A. D. 1937.

"E. C. Love, Judge."

The entry of appeal is as follows:

"David Sholtz, as Governor of the State of Florida, for the use and benefit of M. A. Smith, as Liquidator, *et al.*, Plaintiffs, v. J. H. Therrell and American Surety Company, of New York, a Corporation, Defendants.

"entry of appeal

"Comes Now the Plaintiff, M. A. Smith, as General Liquidator of the State Banks of Florida in Liquidation, and as Appellant takes and enters this Appeal to the Supreme Court of Florida from the Orders entered herein

by the Honorable E. C. Love, Judge of the said Court, in Chancery sitting, dated April 14, 1937, recorded April 14, 1937, in Chancery Order Book No. 13, Page 542 of the Public Records of Leon County, Florida.

"This Appeal is made returnable before the Supreme Court of Florida, Tallahassee, Florida, upon the 2nd day of August, A. D. 1937.

"The Clerk of said Circuit Court is hereby directed to forthwith file and record this Notice of Appeal in the Chancery Order Book as requested by law.

"Dated this 18th day of May, A. D. 1937.

"H. E. OXFORD,
"N. B. K. ROBERTS,
"Solicitors for Plaintiff-Appellant.

"Recorded May 27, 1937."

The assignments of error are as follows:

"FRED P. CONE, as Successor to DAVID SHOLTZ, as Governor of the State of Florida, for the use and benefit of M. A. SMITH, as Liquidator, *et al.,* Plaintiffs, v. J. H. THERRELL and AMERICAN SURETY COMPANY OF NEW YORK, Defendants.—ASSIGNMENTS OF ERROR.

"Comes now FRED P. CONE, as successor to David Sholtz, as Governor of the State of Florida, for the use and benefit of M. A. Smith, as Liquidator, *et al.,* at the time of applying to the Clerk of said Court for a transcript of the record in said cause, and assigns the following assignments of error upon which the appellants will rely for a reversal of said cause, to-wit:

"1. The Court erred in sustaining the motion filed by the defendants to dismiss the bill of complaint in said cause.

"2. The Court erred in its order dated April 14, 1937, sustaining and granting the motions filed by the defend-

ants for the dismissal of said cause, which said order was recorded on the 14th day of April, 1937, in Chancery Order Book 13, at page 542 of the Court records of Leon County, Florida.

"3. The Court erred in holding and deciding that said bill was without equity.

   "H. E. OXFORD,
   "TREADWELL & TREADWELL,
   "JOHN H. TREADWELL,
     "Counsel for Appellants."

The directions to the Clerk for the preparation of the Transcript of Record are captioned and signed as follows:

"FRED P. CONE, as Successor to DAVID SHOLTZ, as Governor of the State of Florida, for the use and benefit of M. A. SMITH, as Liquidator, *et al., Plaintiffs,* v. J. H. THERRELL and AMERICAN SURETY COMPANY OF NEW YORK, Defendants.

     * * *

   "H. E. OXFORD,
   "TREADWELL & TREADWELL,
   "JOHN H. TREADWELL,
     "Counsel for Appellants."

The briefs of appellants are captioned and signed as follows:

"FRED P. CONE, as Successor to DAVID SHOLTZ, as Governor of the State of Florida, for the use and benefit of M. A. SMITH, as General Liquidator, *et al.,* Appellants, v. J. H. THERRELL and AMERICAN SURETY COMPANY OF NEW YORK, a corporation, Appellees.

     * * *

    "Respectfully submitted,
     "H. E. OXFORD,
     "TREADWELL & TREADWELL,
     "By JOHN H. TREADWELL,
       "Counsel for Appellant."

The entry of appeal is defective. See Tavern Inv. Co. v. Diehl, 129 Fla. 635, 177 So. 305; Eversfield v. Mayhew, 98 Fla. 230, 123 So. 737.

The only theory upon which the entry of appeal as filed herein can be sustained as a transfer of the cause to this court so as to avoid a *sua sponte* order of dismissal or striking the cause from the docket, is by considering the entry of appeal sufficient to identify the decree appealed from and to treat the assignment of errors, which is signed by "counsel for the appellants," as a general appearance in this court of all the parties plaintiff below. There is no motion to dismiss the entry of appeal for defects therein.

While the decree dismisses the bill of complaint as to all parties, the entry of appeal is expressly taken only by "the plaintiff, M. A. Smith, as General Liquidator of the State Banks of Florida in liquidation, and as Appellant," and it is signed by "solicitors for plaintiff-appellant."

The caption of the entry of appeal is "David Sholtz, as Governor of the State of Florida, for the use and benefit of M. A. Smith, as Liquidator, *et al.*, plaintiffs" which aids in identifying the decree and shows that a use plaintiff is identified with the appeal as taken.

The assignment of errors shows in the caption and in the text the name of the present Governor of the State of Florida as a use plaintiff-appellant for the use of a named officer, *et al.*

This being a suit by governmental officials for the benefit of trust funds controlled by the State, and there being a general appearance of appellants by counsel, to an entry of appeal that is legally sufficient to transfer the subject matter of the suit to the appellate court, the appeal will be considered on its merits. Gover v. Mann, 114 Fla. 128, 153 So. 895.

## On the Merits

Per Curiam.—The appeal herein is from a decree dismissing a bill of complaint for want of equity, April 14, 1937.

A bill in equity was filed in the Circuit Court for Leon County, June 28, 1935, in the name of the Governor of the State of Florida, "for the use and benefit of M. A. Smith, as General Liquidator of the State Banks of Florida in Liquidation, and as Liquidator of the Bank of Bay Biscayne, of Miami, Florida, and as Liquidator of the Biscayne Trust Company, of Miami, Florida, and as Liquidator of the Guardian Trust Company, of Miami, Florida, and as Liquidator of The Trust Company of Florida, of Miami, Florida; and for the use and benefit of J. M. Lee, as Comptroller of the State of Florida, and for the use and benefit of W. V. Knott, as Treasurer of the State of Florida, and for the use and benefit of the creditors of the Bank of Bay Biscayne, Miami, Florida, and of the creditors of Biscayne Trust Company of Miami, Florida, and of the creditors of the Guardian Trust Company, of Miami, Florida, and of the creditors of The Trust Company of Florida, of Miami, Florida, Complainant," against J. H. Therrell, former liquidator of each of such bank and trust companies, and against the American Surety Company of New York, a non-resident corporation, doing a surety business in the State of Florida, being the surety on the official bonds of the said former liquidator.

The prayer is for an accounting by the defendant former liquidator "as to the entire status of his accounts with the said trusts," and for decrees against each of the defendants "for the proper amounts."

It is alleged that:

"M. A. Smith was, on January 12, 1933, by the Honor-

able J. M. Lee, Comptroller of the State of Florida, duly appointed as General Liquidator of the State Banks of Florida in liquidation and duly qualified as such and is still so acting and qualified; and the said M. A. Smith was thereafter in due course named and appointed as Liquidator of the Bank of Bay Biscayne, of Miami, Florida, and likewise of the Biscayne Trust Company, of Miami, Florida, and likewise of the Guardian Trust Company, of Miami, Florida, and likewise of The Trust Company of Florida, Miami, Florida * * *. There are creditors of each bank and trust company hereinabove named whose claims are unsatisfied. The interests of the several parties herein named as usees will fully appear from the facts hereinafter set forth.

"The defendant, J. H. Therrell, was, on the 22nd day of July, 1930, by the Honorable Ernest Amos, then Comptroller of the State of Florida, duly appointed as Liquidator of the Bank of Bay Biscayne, of Miami, Florida, and the said Therrell held such office during the remainder of the term of office of the said Ernest Amos, as Comptroller, and continued as such Liquidator into the term of office of the said J. M. Lee, as Comptroller, and until relieved of such duties by the appointment of his successor as above alleged. The term of office of the said Ernest Amos, as Comptroller, expired upon the qualification of his successor, the said J. M. Lee, which took place on the 3rd of January, 1933. The appointment of the said defendant Therrell as such Liquidator of the named bank and also as to the trust companies already named and hereinafter referred to, was in accordance with the provisions of Chapter 13476, Laws of Florida of 1929, and other laws of Florida regulating the liquidation of the State Banks of Florida. The defendant Therrell having been appointed Liquidator of the said Bank of Bay Biscayne did, on the

25th day of July, 1930, with American Surety Company of New York, execute his certain bond as such Liquidator, which was approved and accepted by the said Ernest Amos, as Comptroller aforesaid, and the said bond was given in pursuance of the applicable provisions of law as a condition precedent to entrusting the duties of such Liquidator to the said J. H. Therrell; and the said bond was on the part of both makers thereof an original undertaking. A copy of the said bond is hereto attached and made a part of this bill, the same being identified as Exhibit A.

"The said J. H. Therrell was, on the 27th day of March, 1931, by the said Ernest Amos, as Comptroller of Florida, duly appointed as Liquidator of the Biscayne Trust Company, of Miami, Florida, and he also held that office during the remainder of the term of the said Ernest Amos, as Comptroller, and into the term of the said J. M. Lee, successor to said Amos. * * *

"The said J. H. Therrell was, on the 9th day of May, 1931, by the said Ernest Amos, as Comptroller. duly appointed as Liquidator of the Guardian Trust Company, of Miami, Florida, which position he also held throughout the remainder of the term of the said Ernest Amos and into the term of the said J. M. Lee, as Comptroller, during which term he was relieved by the appointment of a successor as hereinbefore alleged. * * *

"The said J. H. Therrell was, on the 27th day of November, 1931, by the said Ernest Amos, the Comptroller of Florida, duly appointed as Liquidator of The Trust Company of Florida, of Miami, Florida, and which position he held during the remainder of the term of office of the said Ernest Amos, as Comptroller, and into the term of the said J. M. Lee, as such Comptroller, and until he was relieved by the appointment of a successor as hereinbefore alleged. * * *"

There were allegations as to surety bond in the last two paragraphs similar to those previously stated.

"Complainant shows that the matter of the compensation of the defendant Therrell for his services as Liquidator of the said bank and trust companies named, is, as complainant is advised and alleges, regulated by law and that the effect of the Act of 1929, amendatory of the prior law on the subject of liquidation of closed banks, is to fix two limitations applicable to the compensation of Liquidators and applicable to all Liquidators, whether they be called General Liquidators or simply Liquidators; and these limitations are that no Liquidator, general or special, shall receive any higher compensation than $6,000.00 per annum, or at that rate for a lesser period of time; and in addition to this limitation, and for the purpose of furnishing a schedule of compensation where the assets to be handled are small enough that a compensation of $6,000.00 is not considered justified, then in the discretion of the Comptroller he may allow such Liquidator 5% of cash collections received by such Liquidator, but, as stated, not in any event to exceed $6,000.00 per annum, or at that rate.

"Complainant further shows that the compensation of Liquidators was required to be fixed by the Comptroller and to be based on the amount of work *actually necessary and performed*. It therefore is impossible for the Comptroller at the beginning of the services of a Liquidator to fix the compensation, as the completion, or at least the termination, of the services rendered by the Liquidator is necessary in order to furnish a basis for fixing the compensation in the manner required by law, but this does not prevent the Comptroller in office from allowing such Liquidator such reasonable periodical allowances as he may deem proper in his discretion and having due regard for the unfinished trust, but not exceeding in any event the two

limitations above set forth. Accordingly, after the termination of the services of the said Therrell as Liquidator of each of the institutions named, which, as aforesaid, was during the term of the said J. M. Lee, as Comptroller, the said Lee, as such Comptroller, approved the compensation of the said Therrell as such Liquidator of all of the four named institutions at the rate of $6,000.00 per annum for his entire services and a proportionate rate for any less than a year. His services covered a period of two years, five months and ten days, and, therefore, his legal compensation amounted to the sum of $15,666.67.

## VIII

"Upon investigation of the records of the said Comptroller's office as to the transactions occurring prior to the term of the said Lee as such Comptroller it appeared that the said Therrell had actually drawn as compensation for his services as such Liquidator of the four institutions named, the sum of $74,301.06. The attention of the said Therrell was called to the amount being excessive and thereupon the said Therrell, on the 14th day of January, 1933, refunded to the said trust relating to the Bank of Bay Biscayne, the sum of $22,673.58. This reduced the amount of the excess compensation received by the said Therrell to the sum of $36,960.81. A statement having been prepared in the office of the Comptroller showing the correct amount of compensation of the said Therrell, a copy of such statement was furnished to the said Therrell, and also to the said American Surety Company of New York, and demand was made on the said Therrell and the said surety company for the said sum, which demand was refused.

"The plan of the liquidation of the state banks of Florida under the laws of said State, and as practiced and applied

in the Department under the Comptroller which has charge thereof, is that when a state bank is found to be insolvent, or in an unsound condition, or threatened with insolvency, the Comptroller, upon ascertaining such fact, may, in his discretion, appoint a liquidator to take charge of the assets and affairs of such bank; and upon such liquidator being duly qualified it is required that he shall collect the assets of such bank, and shall sue for the same or such thereof as may be necessary, in his name as such liquidator, and thereby collect the debts, dues and claims belonging to such bank (and is also given other powers not necessary to be here mentioned), and upon the collection of any such assets or claims such liquidator pays the same to the State Treasurer to be held as a special deposit for the use and benefit of the creditors of such bank, but subject to the order of the Comptroller. The plan of the liquidation of such assets of such bank is to create a statutory agency for the complete administration of such assets and affairs of each such bank or trust company, such statutory agency consisting of the liquidator, or general liquidator, acting under the direction and control of the Comptroller, the latter having the complete legal direction and control of such funds as have actually reached the hands of the State Treasurer, and the said Comptroller having, by virtue of his control thereof, the right and power to collect and recover any debt or claim of such bank, and including any of such trust fund theretofore held by the Treasurer as may have been wrongfully diverted or misapplied in disregard of the purpose for which such trust was created and upon which trust such funds reached the hands of the State Treasurer; and the State Comptroller likewise has the right and power to direct the Liquidator to maintain such suit to recover such misapplied fund, and any other fund, the same being for the use and benefit of the said Liquidator in the first in-

stance as the collecting agency; and of the said Comptroller because of his control and authority over said funds; and of the Treasurer because of his being custodian of such funds; and finally and at all events for the use and benefit of the creditors of the particular bank or trust company, for whose ultimate benefit the said trust is created by the statute regulating the liquidation of such banks.

"Complainant further shows that the defendant, J. H. Therrell, having been appointed Liquidator of the said bank and trust companies as already alleged, did convert to his own use and misapply certain of the assets of said banks, that is of the trust funds of said banks from the collection of such assets or claims of which the proceeds were sent to the State Treasurer and which there remained subject to the control of the State Comptroller, as aforesaid, which funds were obtained by the said defendant in the following manner, that is to say that the said Therrell did, by means of requisitions upon the Comptroller for the payment to him in his official capacity as Liquidator of the aforesaid banks, obtain certain Comptroller's warrants drawn against the said funds in the hands of the State Treasurer and which warrants were received and cashed by him. * * *

"Complainant further shows that upon demand being made (as alleged in Paragraph VIII of this bill) upon the said Therrell and his surety for the restoration of the said sum of $36,960.81, as excessive compensation unlawfully received by him, the said Therrell replied in substance that he was not a general liquidator but that he was specially appointed as to each institution; that his compensation was fixed by the Honorable Ernest Amos under Section 21 of Chapter 13576, Laws of 1929, which provides as follows:

" 'The compensation of the Liquidator shall be fixed by the Comptroller and shall be based upon the amount of work actually necessary and performed, and shall in no

case exceed five per cent. of the cash collections'; and that under this provision the Honorable Ernest Amos, in December, 1932, determined a reasonable compensation for him, fixing the same at 1½% of the total cash collections in the following institutions: Bank of Bay Biscayne, Biscayne Trust Company and Guardian Trust Company and 2½% in the Trust Company of Florida, and he therefore declined to refund anything."

It is in effect further alleged that the defendant Therrell had testified in another suit that his compensation, was to be "a salary of $6,000.00 a year flat," as liquidator of the Bank of Bay Biscayne, and lesser amounts for his compensation as liquidator of the other institutions.

The conditions of each of the surety bonds is as follows, the differences being in the name of the bank or trust company and the amount of the bond:

"The condition of this obligation is such that whereas the above bounden principal J. H. Therrell has been duly appointed Liquidator of the Bank of Bay Biscayne of Miami, Florida, by Ernest Amos, Comptroller of the State of Florida, under and in pursuance of Section 19, of Chapter 13576, Laws of Florida, and other laws of Florida.

"Now, THEREFORE, if the said J. H. Therrell as such Liquidator shall well and faithfully discharge all the duties required of him in Section 19 of Chapter 13576, Laws of Florida, and other Laws of Florida, and shall pay over all money received by him promptly to the State Treasurer, and shall obey all orders and instructions of the Comptroller given in pursuance of the Act herewith above referred to, and shall account for all property of every kind that may come into his possession as such Liquidator, and surrender and deliver possession of all the assets in his custody and control upon demand of the Comptroller, then this obli-

gation shall be void; otherwise to remain in full force and virtue."

The controlling statutes are as follows:

"Section 19. That Section 4162 of the Revised General Statutes of the State of Florida be amended so as to read as follows:

"Section 4162. COMPTROLLER MAY APPOINT LIQUIDATOR; DUTIES OF LIQUIDATOR; NOTICE TO BANK OFFICERS; CONFIRMING APPOINTMENT. On becoming satisfied, from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any bank, banking firm, banker, banking or trust company, or corporation doing business in this State under the State law, has become insolvent and is in default, or that the affairs of any bank, banker, banking firm or trust company or corporation doing business in this State, under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, or if the directors of any bank, banking or trust company, or corporation, or any banker or the management of any banking firm doing business in this State under the State laws, shall knowingly violate, or knowingly permit any of its officers, agents or servants to violate any of the provisions of law relative to such bank, bankers, banking firms, banking or trust companies, or corporations doing business in this State, the rights, privileges and franchises shall be subject to be forfeited, and the State Comptroller may in his discretion forthwith designate and appoint a liquidator to take charge of the assets and affairs of such bank, and require of him such bond and security as the Comptroller deems proper, not exceeding double the amount that may come into his hands, and such liquidator shall be subject

to dismissal by the Comptroller, whenever in his judgment such dismissal is deemed necessary or advisable; when one liquidator is dismissed, another may be duly designated and appointed. Such liquidator under the direction and supervision of the Comptroller, shall take possession of the books, records and assets of every description of such bank, banker, banking firm, banking and trust company, or corporation, and in his name shall sue for and collect all debts, dues and claims belonging to it, and upon the order of a court of competent jurisdiction may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such bank, banker, banking firm, banking and trust company, or corporation, on such terms as the court shall direct; and may, if necessary, to pay the debts of such bank, banker, banking firm, banking and trust company, or corporation, sue for and enforce the individual liability of the stockholders. Such liquidator shall pay all money received by him to the State Treasurer to be held as a special deposit for the use and benefit of the creditors, subject to the order of the Comptroller, and shall also make quarterly reports to or when called upon, to the Comptroller of all of his acts and proceedings. The Comptroller, immediately upon appointing such liquidator, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such bank, banker, banking firm, banking or trust company, or corporation, informing him or them in such notice of his action in appointing such liquidator, and notifying him or them or it that he would apply on a date therein named, not to exceed ten days from the date of service of such notice, to some circuit judge having jurisdiction over the same, for an order confirming his action and the appointment of a liquidator for such banking institution and such bank, banking firm,

or banking or trust company, or corporation may at such hearing contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such liquidator.

"Sec. 20. The Comptroller may provide for the administration of the affairs of institutions under the above section by one general liquidator who shall be designated by the Comptroller as a General Liquidator for the administration of the affairs of several or all of the institutions in liquidation, whose compensation shall be paid by the Comptroller, to be paid in such proportions out of the assets of the institution whose affairs are being administered as the Comptroller may determine, not exceeding in the aggregate Six Thousand ($6,000.00) Dollars per annum. The Comptroller may provide for the transfer at any time to the general liquidator of the affairs of any institution for which a particular liquidator or receiver has been heretofore or shall hereafter be designated and the general liquidator shall be thereupon vested with all the rights conferred by law on such general liquidator as if he had been designated in the first instant to act as such.

"Section 21. That Section 4164 of the Revised General Statutes of the State of Florida be amended so as to read as follows:

Section 4164. Expenses of Liquidating Agent or Agents: Compensation of Liquidators: Deposition of Bank's Funds. All expenses of any liquidator shall be paid out of the assets of such bank, banker, banking firm, banking or trust company, or corporation before distribution of the proceeds thereof. The compensation of the liquidator shall be fixed by the Comptroller, and shall be based upon the amount of work actually necessary and performed, and shall in no case exceed five per cent of the cash collections. From time to time, after full provisions having first

been made for the expenses of the liquidating agency, and the payment of liens for taxes and preferred claims, the Comptroller shall make ratable dividend of the money in the hands of the State Treasurer on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and as the proceeds of the assets of such bank, banker, banking firm, banking or trust company, or corporation, are paid over to the liquidator, shall make further dividends on all claims previously proved or adjudicated; and the remainder of the proceeds, if any, after all claims have been paid, shall be paid over to the shareholders, of such bank, banker, banking firm, banking or trust company, or corporation, or their legal representatives in proportion to the stock by them respectively held, or their interest therein as appearing." Chap. 13576, Acts of 1929.

Under Section 19, Chapter 13576, Acts of 1929, Section 6102 (4162) Perm. Supp. 1936 to C. G. L., the Comptroller had authority to designate and appoint a Liquidator to take charge of the assets and affairs of an insolvent bank or trust company doing business in this State under the State laws; and under Section 21, Chapter 13576, Acts of 1929, Section 6105 (4164) Perm. Supp. to C. G. L.:

"The compensation of the liquidator shall be fixed by the Comptroller, and shall be based upon the amount of work actually necessary and performed, and shall in no case exceed five per cent. of the cash collections."

This express authority to fix compensation for the liquidator is separate and distinct from the authority given to the Comptroller under Section 20, Chapter 13576, Acts of 1929, Section 6012 (1) Perm. Supp. 1936 to C. G. L., viz.:

"The Comptroller may provide for the administration of the affairs of institutions under the above section by

one general liquidator who shall be designated by the Comptroller as a General Liquidator for the administration of the affairs of several or all of the institutions in liquidation, whose compensation shall be paid by the Comptroller, to be paid in such proportions out of the assets of the institution whose affairs are being administered as the Comptroller may determine, not exceeding in the aggregate Six Thousand ($6,000.00) Dollars per annum."

It appears by the bill of complaint that the defendant, J. H. Therrell, was not designated a "general liquidator," but was on July 22, 1930, "duly appointed as Liquidator of the Bank of Bay Biscayne, or Miami, Florida"; and that on March 7, 1931, the defendant, J. H. Therrell, was "duly appointed as Liquidator of the Biscayne Trust Company of Miami, Florida"; and that on May 9, 1931, the defendant, J. H. Therrell, was "duly appointed as Liquidator of the Guardian Trust Company of Miami, Florida"; and that on November 27, 1931, the defendant, J. H. Therrell, "was duly appointed as Liquidator of the Trust Company of Florida, of Miami, Florida."

It is also alleged that the defendant Therrell claims that, under Section 21 of Chapter 13576, Laws of 1929, the State Comptroller who appointed him, "determined a reasonable compensation for him, fixing the same at $1\frac{1}{2}\%$ of the total cash collections" as to three of the institutions of which he was liquidator; and $2\frac{1}{2}\%$ as to the other.

The compensation so allowed is within the limits fixed by the statute above quoted for a "liquidator"; and it is assumed that such compensation was "based upon the amount of work actually necessary and performed," as required by the statute. No abuse or collusion is shown.

Allegations as to other disbursements by the Comptroller to the defendant Therrell were made by warrants upon requisitions and presumably for purpose authorized by the

statute. It must be assumed that such disbursements were made upon proper vouchers on file in the Comptroller's office. The allegations do not sufficiently show that an accounting in equity is essential to appropriate redress if the named expenditures by the Comptroller were misappropriated or misused by the defendant.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to the conclusion.